IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SIDNEY JONES                                            *
3795 AKERS DR.
MT. AIRY, MD  21771                                     *

    PLAINTIFF                                          *

v.                                                     *

DONKEYS, INC.                                          *
d/b/a STRUCTURES SALON AND SPA
s/o Resident Agent: Roland J. Belles, III              *
38 S MARKET STREET
SUITE 6                                                *
FREDERICK, MD 21701
                                                       *
and
                                                       *
TALIA FERGUSON
168 MORRISONS RD                                       *
STEPHENSON, VA 22656-1925
                                                       *
    DEFENDANTS
*      *      *      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now the Plaintiff, Sidney Jones, by and through her attorneys, Lawrence S. Greenberg and the Greenberg Law Office, and states the following complaint against the Defendants, Donkeys, Inc., d/b/a Structures Salon and Spa and Talia Ferguson.

## PARTIES

1.    Plaintiff is an adult resident of Frederick County, Maryland.

2.    Defendant Donkeys, Inc. ("Donkeys") is a corporation doing business in Frederick County, Maryland.

3.    Defendant Talia Ferguson ("Ferguson") is an adult citizen of Virginia, with a

residence at168 Morrisons Rd., Stephenson, VA 22656-1925. She is a person within the meaning of the Constitution of the United States and was a hair stylist involved in this matter.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action due to the fact that it involves a serious personal injury that occurred in Frederick County, Maryland on October 19, 2018.

5.      That as the Plaintiff is a resident of Maryland, and Defendant Ferguson a resident of Virginia, there creating diversity of citizenship.

6.      That venue is proper in this Court because the cause of action arose out of the negligent actions that occurred in in Frederick County.

7.      This Court has personal jurisdiction over the Defendants as they regularly engage in business activities throughout Maryland, and specifically in Frederick County.

## FACTS COMMON TO ALL COUNTS

8.      On or about October 19, 2018, the Plaintiff was a customer of Defendant Donkey's hair salon located at 38 S Market Street, Suite 6, Frederick, Md 21701, for a hair appointment.

9.      At the time the Plaintiff was a customer, she was a minor and did not have adult supervision.

10.     During her hair treatment that day, the hairstylist, Defendant Ferguson, who was an agent and servant of the Defendant Donkey, recommended a treatment "Balayage," which is a freehand hair highlighting product.

11.     Balayage is a product manufactured, distributed and/or sold by L'Oréal Paris.

12.     Ferguson mixed and applied the product to the Plaintiff's head without performing a skin allergy test, which is required 48 hours before each use of a hair color product.

13.     Ferguson know that the products or mixtures that she applied to the Plaintiff's hair had not been previously applied.

14.     Neither Ferguson or anyone else employed by Donkey made inquiries or took any measures or precautions to determine if Plaintiff was allergic, vulnerable, sensitive, or susceptible to injury from the products put on the Plaintiff's head.

15.     Neither Ferguson or anyone else employed by Donkey gave any warning to the Plaintiff about the risk associated with those products or how those products might harm her.

16.     One of the products placed on the Plaintiff's head, described as semi-permanent and permanent hair dye, contained the following warnings in L'Oréal's Material Safety Data Sheet (SDS #15-173) issued May 19, 2015 (mandated by OSHA regulations):

  a.     "Harmful if ... absorbed through skin."

  b.     "Causes skin irritation."

  c.     "May cause an allergic skin reaction."

  d.     "Possible irritant/allergic dermatitis ... the onset of which may be delayed".

  e.     "Existing dermatological conditions ... may be exacerbated."

  f.     If product gets on skin: "Take off immediately all contaminated clothing. Rinse skin with water/shower. Wash contaminated clothing before reuse. If skin irritation persists: Get medical attention."

  g.     Symptoms/Effects: Causes severe skin burns and serious eye damage. May cause an allergic skin reaction. Overexposure may cause respiratory irritation.

  h.     "Patch test is intended to identify skin reaction.

  i.     Under POTENTIAL HEALTH EFFECTS, ACUTE HEALTH EFFECTS:

    i.     SKIN CORROSION/IRRITATION: Causes skin irritation

ii.         SERIOUS EYE DAMAGE/IRRITATION: Causes serious eye damage

iii.        RESPIRATORY/SKIN SENSITIZATION: May cause an allergic skin reaction

iv.         INGESTION: Harmful if swallowed.

v.          INHALATION: Over-exposure may cause respiratory irritation.

vi.         ROUTES OF EXPOSURE: Eyes, skin

vii.        SYMPTOMS: Causes serious eye damage. May cause an allergic skin reaction. Causes skin irritation. Over-exposure may cause respiratory irritation

17.     Plaintiff is not aware of the names of the other products that were mixed into the product before it was placed on her head.

18.     No warnings regarding the above products were given to the Plaintiff by any Defendant.

19.     After Ferguson placed the products on the Plaintiff's head, the Plaintiff began to experience burning of her scalp immediately.

20.     Rather than immediately respond to the burning and terminating the treatment, Ferguson appeared to be in no rush to address the situation and explained to the Plaintiff that "a little pain was normal and she would be fine."

21.     Ferguson did not immediately rinse the product off her skin and hair.

22.     Plaintiff continued to complaint about the excruciating pain and Ferguson finally rinsed the product out of her hair and off her skin.

23.     Ferguson, after rinsing the product off, told the Plaintiff that she was going to re-apply the product but another stylist stopped her before she could do it.

24.     Defendants did not direct the Plaintiff to seek medical attention following the treatment.

25.     Plaintiff left the Defendant's salon and went home. By the time she got home, Plaintiff felt increasing pain, burning and itching on her scalp as the burn began to fester through the tissue below the top of the Plaintiff's scalp.

26.     The area on her head was irritated and she had already lost some hair.

27.     Over the next few days, the skin began to scab and was extremely painful.

28.     By the time her condition was properly diagnosed, the Plaintiff had lost a significant amount of tissue ultimately resulting in a large crater in the Plaintiff's scalp.

29.     Plaintiff suffered a third-degree full thickness burn to her scalp as a direct result of Defendants' negligent application of the hair treatment.

30.     Plaintiff has undergone extensive medical treatment on her scalp as a result of the injuries caused by the Defendants' negligence.

31.     The Plaintiff was diagnosed with a chemical burn with resulting scar alopecia.

32.     While doctors have recommended surgery, they cannot guarantee her hair will grow back and the diagnoses is permanent.

33.     Plaintiff suffered extremely severe injuries including but not limited to scalp damage, burns, infection, severe itching, hair loss and hair damage.

34.     Plaintiff has been unable to live any semblance of a normal life as she must constantly struggle to function with the damage to her scalp.

35.     Plaintiff has experienced pain, suffering, mental anguish, embarrassment and emotional distress as a result of her injuries and has also incurred extensive medical bills and lost income and will incur future medical bills, lost income, mental anguish and embarrassment.

36.     Plaintiff's injuries were proximately caused by the conduct and products of the Defendants.

37.     Plaintiff has and will suffer injuries that are permanent in nature including but not limited to marks in her scalp and hair loss.

**COUNT ONE**
**NEGLIGENCE**
**(DONKEY AND FERGUSON)**

38.     Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

39.     Defendants were negligent in providing and applying products on the Plaintiff's head that injured her.

40.     Defendants failed to use reasonable care to discover the dangerous characteristics of the products sold to and used on the Plaintiff.

41.     Defendants were negligent in failing to give adequate warnings of the dangers of the products used on the Plaintiff which were known to them or by the use of reasonable care should have been known to them and which were not obvious to the Plaintiff.

42.     Defendants were negligent in failing to warn the Plaintiff of potential injury that might come to her from the products put on her head.

43.     Defendants were negligent in putting the products on the Plaintiff's head without checking if the Plaintiff had dermatological infirmities.

44.     Defendants were negligent in the manner in which she mixed the ingredients which were placed on the Plaintiff's head.

45.     Defendants were negligent in the manner in which they applied the ingredients to the Plaintiff's head.

46.     Defendants were negligent in allowing a harmful mixture of ingredients to come into contact with Plaintiff's scalp in a manner and for such a length of time as to injure the Plaintiff.

47.     Defendants were negligent in failing to follow the product instructions and/or warnings.

48.     Defendants were negligent in failing to ascertain if the Plaintiff had any allergies, vulnerabilities, sensitivities or conditions that might make her susceptible to injury from the products.

49.     Defendants were negligent in failing to perform a patch test on the Plaintiff.

50.     When Plaintiff complained of burning on her head, Defendants were negligent in failing to promptly respond to those complaints and was negligent in the manner in which she improperly responded to the complaints.

51.     When Plaintiff complained of burning on her head, Defendants were negligent in failing to immediately terminate the treatment and initiate immediate treatment.

52.     Defendants were negligent in allowing the harmful products to remain on the Plaintiff's head after the Plaintiff experienced burning.

53.     Defendants were negligent in not advising the Plaintiff to seek immediate medical attention.

54.     At the time of the incidents alleged herein, Ferguson was an agent, servant and employee of Donkey and/or was an agent or employee by implication, apparent agency or estoppel.

55.     At the time of the incidents alleged herein, Donkey exercised control and provided management, Donkey is liable on the basis of *respondeat superior* for the negligence of

Ferguson.

56.     Defendants were directly negligent in failing to put procedures in place to warn customers of potential dangers of the treatment they were receiving.

57.     Donkey was directly negligent in supplying its employees with products to use on customers' heads that might injure those customers.

58.     Defendants were directly negligent in failing to put procedures in place to ascertain whether customers might have allergies, vulnerabilities, sensitivities or susceptibilities to the products being put on their heads.

59.     Defendants were directly negligent in failing to put procedures in place for its employees to perform a patch test on customers when applying products which might cause injury.

60.     Donkey was directly negligent in failing to instruct its employees how to promptly and correctly respond to a client who experienced burning as a result of products placed on the client's head.

61.     Defendants were directly negligent in failing to put procedures in place to direct customers who suffer burning to seek immediate medical attention.

62.     Defendants were negligent in failing to discover the dangerous properties of products they used.

63.     The negligence of Defendants were the proximate cause of the injuries suffered by the Plaintiff.

WHEREFORE, Plaintiff demands judgment of Defendants Donkey and Ferguson jointly and severally in an amount that exceeds $75,000.00.

## COUNT TWO
## NEGLIGENT HIRING & NEGLIGENT RETENTION

**(DONKEY)**

64.     Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

65.     Defendant Donkey had the additional and separate duties to:

a.      properly screen and investigate Defendant Ferguson before employing her;

b.      properly train, manage and monitor Defendant Ferguson while she was employed so as to ensure the safety of their customers;

c.      ensure that an unqualified and reckless stylist was not allowed to harm customers;

d.      refrain from engaging in a pattern and practice of hiring and allowing unqualified stylists to work on customers;

66.     The negligence of Defendant Donkey on the occasion complained of consisted of breaching individually or collectively all of the aforementioned duties.

67.     The aforementioned acts on the part of Defendant Donkey proximately caused or contributed to the collision herein and the resultant permanent injuries and damages to the Plaintiff described in this Complaint.

68.     Donkey was directly negligent in the failure to properly train Ferguson as to the proper preparation, application, use, duty to warn and response to reactions to the products placed on the Plaintiff's head.

69.     Donkey was negligent in failing to train employees and establish procedures to avoid using dangerous products, improperly mixing products, or failing to use a patch test before placing the product on Plaintiff's head.

WHEREFORE, Plaintiff demands judgment of Defendant Donkey in an amount that

exceeds $75,000.00.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (DONKEY AND FERGUSON)

64.     Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

65.     Defendants distributed and used products that were put on Plaintiff's head that injured the Plaintiff's head and scalp and which carried with them implied warranties of merchantability and warranties of fitness for particular use as set forth in of Md. Code Ann., Com. Law §§ 2-314 and 2-315.

66.     It was reasonable for Defendants that a person such as the Plaintiff would be the user of the products and Plaintiff was therefore a third-party beneficiary of the implied warranties of merchantability and fitness for particular use.

67.     Insofar as Defendants used products on the Plaintiff's head which the Plaintiff paid for, Defendants were sellers within the purview of Md. Code Ann., Com. Law §§ 2-314 and 2-315.

68.     The products used on the Plaintiff contained an implied warranty of merchantability.

69.     The products used on Plaintiff did not conform to this warranty and such nonconformance was the proximate cause of the Plaintiff's injuries.

70.     The products used on the Plaintiff were not adequately contained, packaged and/or labeled to provide sufficient warnings and instructions and therefore further violated the implied warranty of merchantability established by Maryland law.

71.     The Plaintiff gave the Defendants reasonable notice of her injuries resulting from

use of the products.

72.     The breach of the implied warranty of merchantability was the proximate cause of the injuries suffered by the Plaintiff.

WHEREFORE, Plaintiff demands judgment of Defendants jointly and severally in an amount that exceeds $75,000.00.

## COUNT FOUR
## BREACH OF IMPLIED WARRANTY
## OF FITNESS FOR PARTICULAR USE
## (DONKEY AND FERGUSON)

73.     Plaintiff incorporates herein by reference all of the facts, allegations and statements previously set forth in this Complaint.

74.     Defendants had reason to know of the particular purpose for which the products would be used.

75.     Defendants had reason to know that consumers such as the Plaintiff were relying on their skill or judgment to select or furnish a suitable product for that purpose.

76.     The products used on the Plaintiff carried an implied warranty that they were fit for such purposes.

77.     The products used on Plaintiff did not conform to this warranty.

78.     The breach of this implied warranty was the proximate cause of the injuries suffered by the Plaintiff.

WHEREFORE, Plaintiff demands judgment of Defendants jointly and severally in an amount that exceeds $75,000.00.

## COUNT FIVE
## STRICT LIABILITY
## (DONKEY AND FERGUSON)

79.     Plaintiff incorporates herein by reference all of the facts, allegations and statements

previously set forth in this Complaint.

80.     The products distributed, used or sold by Defendants were in a defective and dangerous condition at the time they left possession or control of the Defendants.

81.     Such products were unreasonably dangerous to the user of the products.

82.     The products were dangerous to an extent beyond that which would be contemplated by the ordinary user with the ordinary knowledge common to the community as to its characteristics.

83.     The defective and/or dangerous condition of the products caused injuries to the Plaintiff.

84.     The products were expected to and did reach the Plaintiff without substantial change in their condition.

85.     The products were designed in such a manner as to be unreasonably dangerous to the user.

86.     The products carried with them risks which were known or which should have been known to the Defendants but would not be obvious to a reasonable user such as the Plaintiff.

87.     Defendants failed to give the Plaintiff an adequate warning of those risks and the dangers associated with the products.

88.     The products placed on the Plaintiff's head were the proximate cause of the injuries suffered by the Plaintiff.

WHEREFORE, Plaintiff demands judgment of Defendants jointly and severally in an amount that exceeds $75,000.00.


GREENBERG LAW OFFICE

_____/s/_____
LAWRENCE S. GREENBERG
6 E. Biddle Street
Baltimore, Maryland 21202
410-539-5250
410-625-7891 (fax)
Larry@greenberglawyers.com
Attorney for the Plaintiff
Bar No. 23642

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that this case be tried by a jury.

_____/s/_____
LAWRENCE S. GREENBERG